## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SARAH P. HARPER, | ) | CASE NO.:    5:21-cv-01078 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Commissioner of Social Security's ("Commissioner") objection to the Magistrate Judge's Report and Recommendation ("R. & R."), which recommended that the Commissioner's denial of Plaintiff Sarah P. Harper's ("Harper") applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.*, be reversed and remanded for further proceedings. (R. & R. 1, ECF No. 15.) For the following reasons, the Commissioner's objection to the R. & R. is well-taken. (*See* Obj. to R. & R., ECF No. 16.) Accordingly, the Magistrate Judge's R. & R. is REJECTED, and the final decision of the Commissioner denying Harper's applications for DIB and SSI is AFFIRMED.

## I.  BACKGROUND

The Magistrate Judge's R. & R. contains a detailed procedural and factual background, including a thorough summary of relevant medical evidence and relevant hearing testimony, that occurred prior to the matter coming before this Court. (R. & R. 1-12, ECF No. 15.) As the parties have neither objected to nor demonstrated any error contained in that stated background, this Court will not fully reiterate it herein.

The issue before this Court stems from information provided by Consultative Examiner Ellen Offutt, M.D. ("Dr. Offutt"). On October 15, 2018, Dr. Offutt examined Harper and provided the following:

> SUMMARY: The claimant is a 41-year-old female who wants to work, but cannot work because she has mastocytosis. She has a condition that if her body temperature goes up at all, she starts to sweat and her mast cell [sic] degranulate and she has an extreme histamine reaction. . . . ***She finds*** that she cannot be in any environment where the temperature changes, even anxiety causes her to have [a] histamine reaction. . . . Because of this condition, she would not be able to be in any environment that had any kind of temperature changes. The problem is that she may not be able to get to work if it is hot outside, just walking into work may cause her to have a histamine reaction.

(Tr. 331-334, ECF No. 9 (***emphasis added***).) Dr. Offutt added that Harper "may find that they treat her at the Cleveland Clinic and she has better control of her disease, but at this time she would not be able to be in any work environment that I can think of." (*Id.*) Finally, Dr. Offutt provided:

> WORK SUMMARY: The claimant's ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as pushing and pulling heavy objects is at least severely impaired due to the stated factors.

(*Id.* at 335.)

Before the Magistrate Judge, Harper argued that this information from Dr. Offutt is a medical opinion, as defined by the regulations, such that the ALJ was required by the regulations to articulate how persuasive she found Dr. Offutt's opinion when determining Harper's residual functional capacity. (*See generally* Pl.'s Br., ECF No. 11; Pl.'s Reply Br., ECF No. 14.) Harper argued that the ALJ neglected to specify the persuasiveness of Dr. Offutt's medical opinion, and in so doing the ALJ failed to consider all the relevant evidence when determining Harper is not disabled, thereby reaching a conclusion unsupported by substantial evidence which necessitates reversal. (*See generally* Pl.'s Br., ECF No. 11; Pl.'s Reply Br., ECF No. 14.) The Commissioner,

on the other hand, argued that Dr. Offutt did not provide a medical opinion as defined by the regulations, but rather provided a general statement such that the ALJ was not required to articulate the persuasiveness of Dr. Offutt's statement. (*See generally*, Def.'s Br., ECF No. 13.) Therefore, according to the Commissioner, any omitted discussion of Dr. Offutt's statement by the ALJ was not error and the ALJ's determination that Harper is not disabled was supported by substantial evidence. (*Id.*) With respect to these arguments, the Magistrate Judge concluded that "Dr. Offutt's statements are medical opinions under Agency regulations" such that "the ALJ was required to articulate their persuasiveness." (R. & R. 20, ECF No. 15.) The Magistrate Judge ultimately determined that the ALJ did not articulate how persuasive she found Dr. Offutt's medical opinion, leading the Magistrate Judge to conclude that substantial evidence did not support the ALJ's determination that Harper is not disabled because the ALJ did not consider all medical opinions in Harper's record. (*Id.* at 15-21.) Given these findings, the Magistrate Judge recommended remand of the matter for further consideration. (*Id.*) The Commissioner timely filed an objection to the R. & R., to which Harper responded. (Obj. to R. & R., ECF No. 16; Resp. to Obj. to R. & R., ECF No. 17.)

## II. STANDARD OF REVIEW

When a written objection to a Magistrate Judge's R. & R. is timely submitted, this Court must review *de novo* those portions of the R. & R. specifically objected to. 28 U.S.C. § 636(b)(1). A general objection to the entirety of the Magistrate Judge's R. & R. is not sufficient to trigger review by this Court. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections to the Magistrate Judge's R. & R. are necessary in order to focus this Court's attention to specific issues for review. *Id.* Accordingly, the Commissioner's specific objection is that the Magistrate Judge erred in concluding that the statement provided by Dr. Offutt was a

medical opinion according to the regulations. (*See* Obj. to R. & R., ECF No. 16.) The threshold

issue before this Court, therefore, is whether the statement provided by Dr. Offutt is a medical

opinion as defined by the applicable regulations.

**III.   ANALYSIS**

According to the regulations, a medical opinion

> is a statement from a medical source about what you can still do despite your
> impairment(s) ***and*** whether you have one or more impairment-related limitations
> or restrictions in the following abilities: . . .
> (i) Your ability to perform physical demands of work activities, such as sitting,
> standing, walking, lifting, carrying, pushing, pulling, or other physical functions
> (including manipulative or postural functions, such as reaching, handling, stooping,
> or crouching);
> . . . and
> (iv) Your ability to adapt to environmental conditions, such as temperature
> extremes or fumes.

20 C.F.R. § 404.1513(a)(2) (2017) (***emphasis added***). Given this definition, this Court agrees with

the Commissioner that the information provided by Dr. Offutt is not a medical opinion as defined

by the regulations, primarily because Dr. Offutt's statement fails to indicate what Harper "can still

do" despite her impairments. The regulation defines that a statement from a medical source is

considered a medical opinion when the statement enumerates "what you can still do despite your

impairment(s)." *Id.* Although Dr. Offutt hypothesized "at this time [Harper] would not be able to

be in any work environment that I can think of" and Harper's "ability to perform work-related

activities . . . is at least severely impaired," neither of these statements articulate what Harper can

still do despite her mastocytosis diagnosis. *See Mason v. Comm'r of Soc. Sec.*, No. 3:20-CV-

02013-JGC, 2021 U.S. Dist. LEXIS 254338, at *21 (N.D. Ohio Dec. 15, 2021), *report and*

*recommendation adopted*, 2022 U.S. Dist. LEXIS 35061 (N.D. Ohio Feb. 28, 2022) (finding a

physician's statement is not a medical opinion when it "does not state what [Plaintiff] can still do

despite her headaches, nor does it offer an opinion on the functional limitations posed by [Plaintiff's] headaches"). *See also Gabel v. Kijakazi*, No. 1:20-CV-334-DCP, 2022 U.S. Dist. LEXIS 115067, at *21-22 (E.D. Tenn. June 29, 2022) (concluding a physician's statement that "Plaintiff 'will have permanent limitations in terms of what he can and can not do'" is not a medical opinion because the vague statement "fails to adequately indicate what Plaintiff 'can still do' despite his impairments" and "provide[s] no insight as to how Plaintiff would be able to perform the physical demands of any *specific* work activities").

The Magistrate Judge concluded that "Dr. Offutt's statements regarding Ms. Harper's limitations appear to satisfy the Agency's requirements to be considered a medical opinion, as they describe limitations in environmental exposure . . . and Ms. Harper's limitations in her ability to perform the physical demands of work activities." (R. & R. 20, ECF No. 15.) This Court disagrees with the Magistrate Judge's conclusion. Dr. Offutt's statements are vague and generalized. Submitting that Harper "would not be able to be in any work environment that I can think of" and Harper's "ability to perform work-related activities . . . is at least severely impaired" does not actually articulate limitations or restrictions such that this Court has insight regarding Harper's ability to perform any specific work activity. Rather, Dr. Offutt's statements are painted in broad strokes. To borrow words from the ALJ, Dr. Offutt "did not offer a function-by-function analysis of [Harper's] work-related abilities." (Tr. 31, ECF No. 9.) Although Dr. Offutt generalized that Harper is limited in her ability to adapt to environmental changes and her ability to perform physical demands of work activities, Dr. Offutt "declined to link these relevant findings to specific conclusions about [Harper's] functioning." (*Id.* at 32.) Instead, Dr. Offutt "has left it up to the reader to reach specific conclusions about [Harper's] functioning based on the information [s]he provided." (*Id.*) Dr. Offutt's failure to specify any work activity Harper could still do despite her

impairments is reason enough to conclude that the information provided by Dr. Offutt is not a medical opinion according to the applicable regulations.

For above enumerated reasons, this Court finds that the information submitted by Dr. Offutt is not a medical opinion as defined by the regulations. Given this conclusion, the ALJ was not required to specifically articulate how persuasive she found Dr. Offutt's statement. Any omission by the ALJ of the persuasiveness of Dr. Offutt's statements is not error. In the interest of finality, this Court will note that the ALJ thoroughly summarized Harper's entire record, including Harper's visit with Dr. Offutt, and concluded that Harper's own "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record," especially considering Harper's "treatment providers and the consultative examiners did not report profuse sweating or apparent discomfort in clinical settings." (Tr. 30, ECF No. 9.) The ALJ explicitly affirmed she had "fully considered the medical opinions and prior administrative medical findings" and found them to be "partially persuasive." (*Id.* at 31.) Although this Court need not reach the issue of whether the ALJ met the regulatory standards for considering Dr. Offutt's statement because it is not a medical opinion, it is this Court's view that the ALJ explained that she found Dr. Offutt's statement, to the extent it need be considered, to be only partially persuasive and thoroughly explained why. Therefore, the ALJ's determination that Harper is not disabled is properly supported by substantial evidence as the ALJ considered all *medical opinions* in Harper's record as required by the regulations.

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's objection to the Magistrate Judge's Report and Recommendation is well-taken. Therefore, the Magistrate Judge's Report and Recommendation is

REJECTED, and the final decision of the Commissioner of Social Security denying Harper's applications for Disability Insurance Benefits and Supplemental Security Income is AFFIRMED.

IT IS SO ORDERED.

DATE: August 1, 2022                          /s/ John R. Adams
                                              Judge John R. Adams
                                              UNITED STATES DISTRICT COURT